**DAVID C. LEWIS**, OSB No. 953348
Senior Assistant County Counsel
dave_lewis@washingtoncountyor.gov
Office of Washington County Counsel
155 N First Avenue, Suite 250, MS 24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636
Of Attorneys for Respondents Nathan Gaoiran and
    Washington County Community Corrections

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:26-cv-00648-MC |
| Petitioner, | |
| v. | **RESPONDENTS NATHAN GAOIRAN AND WASHINGTON COUNTY COMMUNITY CORRECTIONS PROBATION AND PAROLE'S RESPONSE TO PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS** |
| MULTNOMAH COUNTY DEPARTMENT OF COMMUNITY JUSTICE, et al. | |
| Respondents. | |

Respondents Nathan Gaoiran, Director, Washington County Community Corrections Probation and Parole and Washington County Community Corrections Probation and Parole (hereinafter collectively "Washington County Community Corrections") respectfully provide the following response to Petitioner United States of America's Petition to Enforce Administrative Subpoena served on Respondent Washington County Community Corrections:

Congress enacted the Immigration and Nationality Act (INA) to regulate the entry, presence, and removal of noncitizens. 8 U.S.C. § 1101 *et seq*. The INA authorizes any

Page 1 – **RESPONDENTS NATHAN GAOIRAN AND WASHINGTON COUNTY COMMUNITY CORRECTIONS PROBATION AND PAROLE'S RESPONSE TO PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS**

immigration officer to issue administrative subpoenas under 8 U.S.C. § 1225(d)(4)(A). However, the INA is not self-executing. Rather, Congress contemplated a need for judicial enforcement of a subpoena issued under § 1225(d)(4). The Attorney General and immigration officer "may invoke the aid of any court of the United States" in enforcing the subpoenas, and district courts may order enforcement. § 1225(d)(4)(B) (authorizing any district court within the jurisdiction of which investigations are being conducted to issue an order requiring compliance by "persons" with a subpoena in the event of neglect or refusal to respond).

However, judicial review of an administrative subpoena is "quite narrow." *United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1113 (9th Cir. 2012). Judicial enforcement of an administrative subpoena turns on "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *Id*. (citation omitted). "Even if these factors are shown by an agency, the subpoena will not be enforced if it is too indefinite or broad." *Peters v. United States*, 853 F.2d 692, 699 (9th Cir. 1988); *see also McLane Co., Inc. v. EEOC*, 581 U.S. 72, 77 (2017) (explaining that an administrative subpoena should be enforced unless "too indefinite," issued for an "illegitimate purpose," or unduly burdensome); *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950) ("Of course a governmental investigation . . . may be of such a sweeping nature and so unrelated to the matter properly under inquiry as to exceed the investigatory power . . . [b]ut it is sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant.").

Correspondingly, Oregon law prohibits Respondents from complying with an administrative subpoena issued by a federal immigration authority for the purposes of civil immigration enforcement. O.R.S. 181A.823(1)(c), (2); 181A.826(1), (2)(b)(A), (3)(a). However,

Page 2 – **RESPONDENTS NATHAN GAOIRAN AND WASHINGTON COUNTY COMMUNITY CORRECTIONS PROBATION AND PAROLE'S RESPONSE TO PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS**

Oregon law authorizes Respondents to provide the information sought pursuant to a court order, judicial warrant, judicial subpoena or another compulsory court-issued legal process. O.R.S. 180.805(4)(a)(B), (C); 181A.823(1)(c)(A); 181A.826(2)(b)(A), (3)(a).

Therefore, to the extent there is tension between Oregon law and Federal law, this Court is the body to resolve it consistent with 8 U.S.C. §1225(d)(4)(B). Judicial review of the particular subpoenas at issue here to determine whether the U.S.A.'s request is within Congress' grant of authority, whether the U.S.A. followed all required procedural requirements, and whether the evidence is relevant and material to the U.S.A.'s stated purpose for the subpoena is appropriate. This Court can then craft an appropriate Order to which Respondent Washington County Community Corrections can then provide record(s) in accordance with this Court's Order and comply with Oregon law.

One aspect of the application of Federal law and Oregon law raised by the United States bears correcting. The U.S.A. asserts that for each criminal alien sought, the various Oregon County Sheriff's Offices and/or Oregon Department of Corrections refused to "honor" their ICE detainers on criminal aliens in custody and "released th[e] criminal alien into the community without notifying ICE." (U.S. Pet. ¶¶ 18-26, 29-38, 40-50.) However, the U.S. District Court for the District of Oregon has ruled that Oregon officials violate the Fourth Amendment by detaining persons in their custody solely on an ICE detainer. *Miranda-Olivares v. Clackamas Cnty.*, No. 3:12-CV-02317-ST, 2014 WL 1414305, at *11 (D. Or. Apr. 11, 2014). Further, a State Circuit Court Judge has ruled that Oregon officials violate Oregon law, O.R.S. 181A.820, when they notify ICE of the person's release from custody. *Brian Stovall et al v. Northern Oregon Corrections*, No. 17CV31082 (Wasco County Circuit Court Judgment & Opinion Apr. 22, 2019.)

Page 3 – **RESPONDENTS NATHAN GAOIRAN AND WASHINGTON COUNTY COMMUNITY CORRECTIONS PROBATION AND PAROLE'S RESPONSE TO PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS**

A.      **Objection as to Overbreadth**.

The Court's determination must take into account whether the administrative inquiry is unreasonable because it is overbroad. *Peters*, 853 F.2d at 699-700. Here, some, but not all, of the documents sought in the Petition are overbroad because it appears to require Respondent to obtain records not within its possession, custody or control. Washington County Community Corrections is a Department within Washington County responsible for community supervision of justice-involved individuals who are on probation, parole, or who are serving a sentence within the minimum security Community Corrections Center. The Community Corrections Department is not the Washington County Sheriff's Office or Washington County Jail and does not possess police reports or jail records that are unrelated to its community supervision of a particular justice-involved individual. Therefore, to the extent the Petition seeks to compel production of records such as "bail or bond records, . . . unredacted police reports, booking sheets, booking photos, probable cause statements, jail disciplinary records, or release agreement or release documents" that are not contained within the Community Corrections Department files, the subpoena is overbroad. (*See* Exhibit 1, p.14 of the Declaration of Todd Rignel in Support of Petition.)

B.      **Objection to Any Precedential Application of an Order to Enforce Here to Any Other Administrative Subpoena, Past, Present or Future.**

The U.S.A.'s Petition is expressly limited to the "at-issue subpoenas." (U.S. Pet. ¶¶ 13, 70, 73, 75, 90.) The only "at-issue subpoena" served on Washington County Community Corrections is the subpoena specific to Criminal Alien Nos. 31 through 44.[1] (U.S. Pet. ¶¶ 41-50, Rignel Dec. ¶ 9a-j, Ex. 1 to Rigel Dec. p.14.) Therefore, Respondent objects to any precedential

---

[1] The subpoenaed records sought are not sequential. There is no subpoena for Criminal Alien Nos. 37, 39, 41, or 43. (See Ex. 1 p. 14 to Rignel Dec.)

application of an Order enforcing the specific administrative subpoenas here to other past, present or future subpoenas. The context, specifics, and legal analysis of any other subpoena is simply not before this Court and any other subpoena will need to be evaluated on its own terms and merits.

Moreover, the application of an Order here to other subpoenas, past, present or future, may implicate the Tenth Amendment, Anti-Commandeering Doctrine. *See United States Immigr. & Customs Enf't v. Gomez*, 445 F. Supp. 3d 1213, 1217 (D. Colo. 2020) (stating that a review of a discrete request for information does not implicate the Tenth Amendment, but that a "mandatory, ongoing disclosure program" or "subpoenas [that] become a regular occurrence" may implicate it, but that was a question for another day.)

## CONCLUSION

For the reasons set forth above, Respondent Washington County Community Corrections respectfully requests the Court limit the HSI Administrative Subpoena to information already in the possession, custody or control of Washington County Community Corrections and further respectfully requests that any order issued on the specific subpoena at issue not be given preclusive effect to any other subpoenas, past, present or future.

DATED: April 21, 2026.

<div style="margin-left:40%">

ALEX BARNETT
WASHINGTON COUNTY COUNSEL


*/s/ David C. Lewis*
David C. Lewis, OSB No. 953348
Senior Assistant County Counsel
dave_lewis@washingtoncountyor.gov
Of Attorneys for Respondents Nathan Gaoiran
and Washington County Community
Corrections

</div>

Page 5 – **RESPONDENTS NATHAN GAOIRAN AND WASHINGTON COUNTY COMMUNITY CORRECTIONS PROBATION AND PAROLE'S RESPONSE TO PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS**

## CERTIFICATE OF SERVICE

I certify that on April 21, 2026, I served a true and correct copy of each of the documents listed below on the following attorneys and parties by one of the following methods as designated for each recipient of service below:

ECF        Electronic filing with the Court.

Email      Electronic mail pursuant to ORCP 9 G/FRCP 5(b)(E).

Persons Served:

| Name and Address | Attorney for | Service Method(s) |
|---|---|---|
| Andrew Kartchner<br>Assistant United States Attorney<br>1000 SW Third Avenue, Suite 600<br>Portland, OR 97204-2936<br>Andrew.Kartchner@usdoj.gov | | |

Documents:

| |
|---|
| **RESPONDENTS NATHAN GAOIRAN AND WASHINGTON COUNTY COMMUNITY CORRECTIONS PROBATION AND PAROLE'S RESPONSE TO PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS** |

ALEX BARNETT
WASHINGTON COUNTY COUNSEL


*/s/ David C. Lewis*
David C. Lewis, OSB No. 953348
Senior Assistant County Counsel
dave_lewis@washingtoncountyor.gov
Of Attorneys for Respondents Nathan Gaoiran
and Washington County Community
Corrections